# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. CHARLES ANDREW WILLIAMS, Defendant. | Case No. CR09-0085 ORDER FOR PRETRIAL DETENTION |

On the 22nd day of December, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Peter E. Deegan. The Defendant appeared personally and was represented by his attorney, Jane Kelly.

### RELEVANT FACTS

On December 15, 2009, Defendant Charles Andrew Williams was charged by Indictment (docket number 2) with possession and attempted possession of child pornography. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on February 16, 2010.

Officer Lance Miller of the Marion Police Department testified regarding the circumstances underlying the instant charge. On October 1, 2009, a search warrant was executed on Defendant's residence. Five computers were seized. According to Officer Miller, a preliminary examination revealed known images of child pornography on at least one computer. After being *Mirandized*, Defendant admitted that he had been regularly downloading child pornography using a P2P program called Shareaza.

1

Defendant was not arrested at the time the search warrant was executed. Defendant's mother in Florida was seriously ill and Defendant advised Officer Miller that he would be traveling to Florida. Defendant apparently left Iowa within the next few days. After arriving in Florida, Defendant resided with his sister, her 17-year-old son, and her boyfriend.

Defendant's mother passed away on October 13, 2009. On October 15, Defendant's wife spoke with Officer Miller and advised him that Defendant had called and asked for the contents of his safe deposit box. According to Defendant's wife, Defendant specifically wanted his passport. Defendant's wife told Officer Miller that Defendant had friends outside the United States and she was concerned that he would leave the country.

According to the pretrial services report, Defendant has lived in Linn County, Iowa, since 1997. Prior to that time, Defendant lived in Illinois, Ohio, England, New Mexico, Arizona, and Colorado. Defendant has two half-sisters living in Illinois and a sister living in Florida. Defendant is employed as a "senior support engineer," working from his home.

Defendant admitted to the pretrial services officer that he has "a problem with excessive alcohol consumption." Defendant admitted consuming about 27 ounces of whiskey on a daily basis, but did not consider himself to be an alcoholic. Defendant's sister confirmed that Defendant was recently drinking a fifth of whiskey and several beers daily. Defendant's sister told the pretrial services officer that Defendant cannot live with her if he is released.

Defendant's wife also indicated that Defendant is not welcome in their home. While there is no history of domestic abuse, Defendant's wife told Officer Miller that she is afraid of Defendant. She also expressed concern that Defendant may harm himself. Defendant obtained a weapons permit in the spring or summer of 2009, but his wife was unsure if he had purchased a weapon.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with possession and attempted possession of child pornography, one of the offenses found in § 3142(f)(1). In this case, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant

detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with possession and attempted possession of child pornography. While there is no evidence that Defendant improperly touched any child, child pornography constitutes a generalized harm to children. The weight of the evidence against Defendant is strong. Images of child pornography were found on his computer and he admitted to officers that he downloads child pornography. While Defendant has lived in Linn County for some time, it is undisputed that he was looking for an apartment in Florida at the time of his arrest.

4

Defendant is no longer welcome at his home and he does not appear to have any other ties with the community. Defendant has lived throughout the country and his extended family resides in Illinois and Florida. Almost immediately following his mother's death, Defendant contacted his wife and asked that she send him his passport. The Court believes that Defendant is a risk of flight. In addition, videotapes seized from the Defendant demonstrate an unnatural attraction to young girls. The Court believes that his release prior to trial would constitute a danger to the community.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (December 17, 2009) to the filing of this Ruling (December 22, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 22nd day of December, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA